UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ESHAWN JESSICA SCIPIO, ) | Civil Action No. 4:23-cv-1223-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| HOUSING AUTHORITY OF ) | |
| HARTSVILLE a/k/a Hartsville Housing ) | |
| Authority, EXECUTIVE DIRECTOR ) | |
| KIM FUNDERBURK, in her individual ) | |
| and official capacities, PUBLIC ) | |
| HOUSING DIRECTOR TOMIKA ) | |
| BERRY, in her individual and official ) | |
| capacities, SECTION 8 CLERK TIFFANY ) | |
| BISHOP, in her individual and official ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, brings various claims involving the housing authority where she resided and received government assistance. She alleges causes of action under 42 U.S.C. § 1982, 42 U.S.C. § 1983, and the Fair Housing Act (FHA), 42 U.S.C. §§ 3604 & 3617. Presently before the court are Plaintiff's Motion to Compel (ECF No. 65), Plaintiff's Motion for Issuance of Subpoena (ECF No. 79), Plaintiff's Motion for Telephone Conference (ECF No. 84), and Defendants' Motion to Amend Answer (ECF No. 89). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC.

## II.     DISCUSSION

### A.     Motion to Compel

Plaintiff served Requests for Production on Defendants on February 18, 2024. Defendants responded by either producing responsive documents in their possession or raising objections. The requests and responses at issue are discussed below.

**Quarterly Reports**

Plaintiff asserts that Defendants produced documents from her tenant file, but they did not provide the "Q1, Q2, Q3, Q4 reports of 2022 from the Social Security Administration, the Directory of New Hires, and HUD."[1] Pl. Mot. p. 13. Defendants respond that the Hartsville Housing Authority (HHA) does not receive reports directly from the Social Security Administration, the National Directory of New Hires, or HUD. They assert that HHA receives income information through an Enterprise Income Verification (EIV) system controlled by the U.S. Department of Housing and Urban Development, and that HHA has limited access to information through that online program. They further assert that reports run from the EIV were not copied or retained in

---

[1] In her motion, Plaintiff does not provide a copy of her requests for production or refer to the specific requests for production by number. However, based on Defendants' response to the requests for production, it appears that this request was raised in #6:

> All "**Tenant Filed for Public Housing**" documents as specific to current "**Plaintiff E. Scipio, Quarterly Reports**" for the **United States Small Business Administration for the year 2022: Quarter 1, January , February, March of 2022; Quarter 2, April, May, June of 2022; Quarter 3, July, August, September of 2022; Quarter 4, October, November, December of 2022.** As reported by the Social Security Administration, and the National Directory of New Hires in which the United States Small Business Administration is a National Federal Employer who by law reports to the National Directory of New Hires as it's also a federal reporting system.

See ECF No. 65-7 p. 2.

Plaintiff's tenant file by HHA. Rather, such information is controlled, retained and regulated by HUD. Defendants note that the information Plaintiff seeks could be obtained from her employer, the Social Security Administration, the National Directory of New Hires, or HUD. Defendants also note that from the information the HHA retrieved from the EIV, it created an excel spreadsheet based on income reported for Plaintiff during the first and second quarters of 2022, and that said spreadsheet was provided to Plaintiff.

Plaintiff argues that Defendants' response that the HHA does not receive reports from the Social Security Administration, the National Directory of New Hires, and HUD is belied by representations in a letter Plaintiff received from the HHA on February 13, 2023, which states "It has been reported by the Social Security Administration and the National Directory of New Hires that you have unreported income." See ECF No. 1-1 p. 56. The letter is not inconsistent with the explanation provided by Defendants that the HHA obtained information through the EIV and created an excel spreadsheet based on that information. Plaintiff appears to argue that the information in the excel spread sheet is inaccurate.

Rule 34 permits discovery of documents "in the responding party's possession, custody, or control." Further, "[i]n general, Rule 34 only requires a party to produce documents and information already in existence." Frasier Healthcare Consulting, Inc. v. Grant Mem'l Hosp. Reg'l Healthcare Ctr., No. 2:12-CV-87, 2014 WL 12701042, at *4 (N.D.W. Va. Jan. 9, 2014). "A party cannot be compelled to create, or cause to be prepared, new documents solely for their production." Causey v. Williams, No. 4:22-cv-1475, 2023 WL 4851196, at *2 (D.S.C. July 28, 2023) (quoting 7 James Wm. Moore, et al., Moore's Federal Practice § 30.12[2] (3d ed. 2014)). Defendants have represented that they do not have possession of the specific documents requested. Plaintiff's motion is denied

with respect to the quarterly reports for 2022. However, Defendants are directed to provide a declaration from an individual with personal knowledge that Defendants do not have possession, custody, or control" of the requested documents.

**Federal Law, Regulation, Statute, and HUD Law**

Next, Plaintiff complains that Defendants did not "provide the Federal and/or HUD Law, Statute, and Regulation that provides a legal pretense for the Defendants' direct denial of the Plaintiff right to inspect, access, copy, and obtain the Plaintiff tenant file and to have a proper grievance hearing."[2] Pl. Mot. p. 7. Defendants objected to these requests as vague, overbroad, and burdensome, and that Plaintiff can access such laws on the internet just as easily as Defendants. Defendants are not required to provide Plaintiff with photocopies of legal authority as they are not in Defendants' "possession, custody, or control." Fed.R.Civ.P. 34(1)(a). Thus, Plaintiff's motion is denied as to this request.

**Pay Stubs**

Here, Plaintiff appears to seek an explanation from Defendants as to how they obtained a

---

[2]It appears this request was made in requests for production # 21 and # 22:

21. All "**Federal Law**" documents, statutes, HUD regulations, state law, as specific to current "**Denial of Viewing Tenant File by Public Housing and HUD employees of Plaintiff E. Scipio**" from Septemver 1, 2021, through June 1, 2023.

22. All "**HUD Regulations**" documents, statutes, federal law, state law, as specific to current "**Denial of Written Administrative Hearing Requests of Plaintiff E. Scipio**" from September 1, 2021, through June 1, 2023.

See ECF No. 65-7 p. 5.

copy of her "legal pay stub from the United States Small Business Administration."[3] Pl. Mot. p. 3. This request for information is not proper in a motion to compel. Nevertheless, Defendants state that the pay stub

> contains a handwritten note on its face that it was obtained from the Darlington County Magistrate's Office. It appears that the Plaintiff provided a pay stub to that Magistrate. It further appears that HHA obtained the statement from the Darlington County Magistrate. HHA did not obtain the SBA pay information from the SBA or HUD.

Def. Resp. p. 4 (ECF No. 69). Though Plaintiff disputes Defendants answer, this is not a proper inquiry in a motion to compel under Rule 37, which allows a party to ask the court to compel another party to respond to discovery requests previously served on the party. Thus, Plaintiff's motion is denied as to this request.

### B.     Motion for Subpoena

Plaintiff requests the court issue subpoenas to be served on Defendants for the same information discussed above with respect to her motion to compel, i.e., the quarterly statements from 2022, the various, unidentified laws, statutes, and regulations, and an answer to how Defendants obtained her pay stub. Given the ruling above, this motion is moot.

### C.     Motion for Telephone Conference

Plaintiff requests a telephone conference on the above issues. Given the rulings above, a telephone conference is unnecessary, and Plaintiff's motion is moot.

### D.     Motion to Amend Answer

Defendants move to amend their Answer to Plaintiff's Amended Complaint to add an

---

[3] In her request for production # 9, Plaintiff requested "All "**Tenant File for Public Housing**" documents as specific to current "**Plaintiff E. Scipio, Wage Reports for Rent Adjustments such as paycheck stubs ... .**" See ECF No. 65-7 p. 3.

affirmative defense of qualified good faith immunity for the individual Defendants named in their individual capacities. Defendants assert that the applicability of the defense came to light during Plaintiff's deposition. Though Plaintiff's filed a joint "Reply in Opposition to Defendant's Motion and Memorandum in Support of Summary Judgment and Motion to Amend Answer" (ECF No. 93), she does not specifically address Defendants' motion to amend.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be given freely when justice so requires. "Although leave to amend should be freely given when justice so requires, ... [a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (alteration, citations, and internal quotation marks omitted). None of these circumstances are present in this case. Therefore, Defendants' motion is granted and Defendants are directed to file their Amended Complaint within ten days of the date of this Order.

### III.  CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Compel (ECF No. 65) is **DENIED**, Plaintiff's Motion for Issuance of Subpoena (ECF No. 79) is **MOOT**, Plaintiff's Motion for Telephone Conference (ECF No. 84) is **MOOT**, and Defendants' Motion to Amend (ECF No. 89) is **GRANTED** and Defendants are directed to file their Amended Complaint within ten days of the date of this Order.

**IT IS SO ORDERED.**

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 22, 2024
Florence, South Carolina