IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eshawn Jessica Scipio, | Case No.: 4:23-cv-1223-JD-TER |
| Plaintiff, | |
| vs. | |
| | **ORDER AND OPINION** |
| Housing Authority of Hartsville, a/k/a Hartsville Housing Authority Executive Director, Kim Funderburk, in her individual and official capacities; Public Housing Director, Tomika Berry, in her individual and official capacities; Section 8 Clerk, Tiffany Bishop in her individual and official capacities, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 107), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina regarding Defendants' Housing Authority of Hartsville et al.'s ("Defendants") Motion for Summary Judgment (DE 88.)[1]

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## A. Background

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Plaintiff Eshawn Jessica Scipio ("Scipio" or "Plaintiff") was a tenant in an apartment owned by the Housing Authority of Hartsville, also known as Hartsville Housing Authority (HHA), from September 1, 2021, through June 1, 2023. Defendant Kim Funderburk ("Funderburk") is the Executive Director of the HHA, Defendant Tomika Berry ("Berry") is the Public Housing Director, and Defendant Tiffany Bishop ("Bishop") is the Section 8 Clerk. Plaintiff asserts that she is of African-American descent and is the "same in color as" Berry and Bishop. Funderburk "is of a different color than" Plaintiff. (DE 29, ¶ 78.)

Plaintiff's lease agreement with HHA, signed on September 1, 2021, says the lease term was one month and would be renewed monthly. Her rent was $396.00 per month. (DE 29, ¶ 18.) The lease also provided a late fee of $50 if rent was not paid by the fifth of each month. (DE 1-1 at 6.) On May 20, 2022, Plaintiff applied for emergency rental assistance through SC Stay, Covid-19 Housing Assistance. (*Id.* at 24.)

On June 6, 2022, Plaintiff received a letter from HHA that she was behind in rent with late fees totaling $942.00, and if she did not pay the balance within 14 days, eviction proceedings would be initiated. (*Id.* at 25.) HHA's receipt number 10375

shows that a payment of $1,192.00 was made on June 28, 2022, leaving a positive balance of $250.00. (*Id.* at 27.)

On June 9, 2022, Plaintiff received a letter from the HHA that she had an appointment for her Annual Redetermination of Rent, Dwelling Unit Size, and Eligibility on July 14, 2022. (DE 1-1 at 28.) On August 30, 2022, Plaintiff received a Notice of Rent Adjustment from HHA advising her that her rent would be adjusted from $396.00 to $607.00 per month effective September 1, 2022. (*Id.* at 32.) According to HHA, the adjustment was made because of a family income or composition change. (*Id.*)

On December 15, 2022, HHA notified all tenants that it would no longer accept partial payments and that all accounts must be current by January 15, 2023. (*Id.* at 37.) On December 19, 2022, Plaintiff's balance was $2,177.85. (*Id.* at 39.) She paid $1,921.00, leaving a balance of $256.85. (*Id.*) Plaintiff was also assessed fines for violating housekeeping standards. (*Id.* at 40-41; DE 92-1 at 92.)

Plaintiff applied for the Section 8 Voucher Program on July 10, 2022, and was approved on January 26, 2023. (DE 1-1 at 48; DE 92-1 at 98.) On January 10, 2023, Plaintiff filed a housing discrimination complaint form with the HUD Office of Fair Housing and Equal Opportunity by submitting a HUD Form 903. (DE 1-1 at 71.) Plaintiff said that she received a response on January 13, 2023, that "the issue raised was determined to involve the Office of Public and Indian Housing" and that "no additional action has been taken against the Defendants." (DE 29, ¶ 43.)

On February 13, 2023, Plaintiff received a letter from the HHA stating: "It has been reported by the Social Security Administration and The National Directory of New Hires that you have unreported income." (DE 1-1 at 56.) The letter informed Plaintiff that she needed to come into the office before February 28, 2023, to discuss setting up a repayment agreement and changing her rent. (*Id.*) In response, Plaintiff sent a letter on February 21, 2023, stating that all of her income was provided at the rent redetermination meeting on July 14, 2022, noting that she had requested repairs on October 6, 2022, that had not been completed, requesting copies of Enterprise Income Verification (EIV) reports and her tenant file, and complaining of the landlord providing notices to tenants by placing them in their mailboxes. (*Id.* at 58-59.)

That same day, Plaintiff appeared at the HHA office to request a copy of the EIV reports and her tenant file, but Berry told her that HUD does not allow a tenant to view their file. (*Id.* at 66.) Plaintiff again appeared in person at the HHA office on February 23, 2023, to request the EIV reports and her tenant file, and Funderburk told her that per HUD, she could not have access to the file. (*Id.*) Plaintiff also submitted a rental payment of $707.00.

On February 28, 2023, HHA sent Plaintiff a Notice of Rent Adjustment, stating that her rent would be adjusted from $607.00 to $912.00 per month beginning March 1, 2023. (DE 1-1 at 61.) HHA also notified Plaintiff that she owed retroactive rent of $1,525.00. (*Id.*) After that, Plaintiff sent a notification to the United States Postal Service (USPS) that she "[did not] receive this piece of mail" from HHA postmarked February 28, 2023. (DE 1-1 at 62.)

4

On March 6, 2023, HHA notified Plaintiff that her rent for March was late, and she owed a total of $2,435.85. (*Id.* at 63.) HHA also told Plaintiff that if rent was not paid within fourteen days, HHA would initiate legal action for eviction. (*Id.*) HHA also advised Plaintiff that she could request a hearing within ten days "in accordance with the Housing Authority's grievance procedure and to examine the file data that is directly related to your grievance." (*Id.*) On March 9, 2023, Plaintiff provided a letter to HHA requesting a hearing. (DE 1-1 p. 66.) She also submitted her Section 8 Request for Tenancy Approval on March 9, 2023. (DE 1-1 at 52-55.)

On March 17, 2023, HHA sent Plaintiff a letter addressing the concerns she raised in her previous letters to HHA and notifying her that if she owes money to any Public Housing Authority (PHA), she is ineligible for assistance with the Section 8 HCV program, and her voucher would be withdrawn. (DE 1-2 at 6-8.) The letter did not address Plaintiff's request for a hearing. As of March 23, 2023, Plaintiff owed $3,347.85 to HHA. (DE 1-2 at 12.) Plaintiff's Section 8 voucher was terminated on March 27, 2023. (DE 92-1 at 75.)

Berry started eviction proceedings on May 11, 2023, and a hearing was held on May 30, 2023. A writ of ejectment was issued, and Plaintiff vacated her residence on June 1, 2023. (DE 65-4 at 1.) Plaintiff did not get a hearing on her unreported income and the increase in her rent despite her request for one on March 9, 2023.

Plaintiff, proceeding pro se, sued Defendants on March 28, 2023. She alleges causes of action under 42 U.S.C. § 1982, 42 U.S.C. § 1983, and the Fair Housing Act (FHA), 42 U.S.C. §§ 3604 & 3617. Before the Court is Defendants' Motion for

5

Summary Judgment (DE 88). Because Plaintiff is proceeding pro se, she was advised pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in the motion being granted and her claims dismissed. Plaintiff filed a Response (DE 92).

### B. Report and Recommendation

On January 14, 2025, the Magistrate Judge issued the Report recommending that Defendants' motion for summary judgment be granted on Plaintiff's 42 U.S.C. § 1982, equal protection under 42 U.S.C. § 1983, and the FHA, 42 U.S.C. §§ 3604 & 3617 claims. (DE 107.) However, since Defendants did not address Plaintiff's due process claim under the Fourteenth Amendment, that claim survives. The Report found as to Plaintiff's first cause of action for violation of 42 U.S.C. section 1982 that, among other things:

> Plaintiff first speculates that she would have been treated differently if she was white, but provides no evidence to support this belief. She then states that Defendants likely treat everyone the same– " white, black, Puerto Rican, Mexican"–by denying them access to their records. Thus, Plaintiff's deposition testimony shows no discriminatory intent by Defendants.

(DE 107 at 10.)

As for Plaintiff's equal protection and FHA claims, the Report found they "fail[] for a lack of evidence that she was treated differently from others who are similarly situated or that Defendants acted with intentional or purposeful discrimination." (*Id.* at 11.) Likewise, as for Plaintiff's section 3617 interference claim, the Report found that "[t]here is no evidence in the record that Defendants' actions interfered with

Plaintiff's right to non-discriminatory housing or provision of services." (*Id.* at 13.) On June 10, 2024, Plaintiff objected to the Report. (DE 109.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objection

Plaintiff makes several objections to the Report, which she references by the Report's section headings. Plaintiff objects to the "Fact" section of the Report, mainly challenging whether she owed any other payments on her tenant account. (DE 109 at 2-3.) Yet this objection does not address the substance of the Report's recommendation on discrimination, even if it is correct. Since a ruling on this dispute will not affect the outcome of the Report's recommendation, the Court overrules the same.

7

Next, Plaintiff objects to the "Standard of Review" section of the Report. This section recounts Rule 56, Fed. R. Civ. P., and the relevant standards to apply to the rule. It appears Scipio believes there are genuine issues of material facts in dispute or that she is entitled to additional discovery. (DE 109 at 3-8.) Yet Plaintiff offers no material facts in dispute. The Court also notes that the Magistrate Judge has ruled on Plaintiff's motion to compel discovery response and has denied the same. (DE 95.) Since discovery has been completed, the Court overrules this objection.

Plaintiff also objects to the "Discussion" section of the Report. (DE 109 at 9-14.) Plaintiff contends, among other things, that:

> Defendant K. Funderburk acting as 'director, and the boss'; never possessed any of the HUD mandatory and required reports in February of 2023, nor in March of 2023; to properly allow the Defendant T. Berry to conduct a proper interim re-examination of rent and to allow Defendant T. Bishop to terminate the Plaintiffs' Section 8 Voucher Number V1941. As the Defendant K. Funderburk, stated; 'I ran these reports', for Public Housing and Section 8. The Defendant K. Funderburk, tenure is not a viable excuse to disregard and discriminate against the Plaintiff by not only race but not following her own procedural process outlined by the Defendant own administrative plan.

(DE 109 at 9-10.) But Plaintiff's allegations of financial mismanagement are not evidence of discrimination by the Defendants. Thus, the Court overrules this objection since Plaintiff has offered no evidence of racial discrimination.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 107) and incorporates it here by reference.

It is, therefore, **ORDERED** that that Defendants' motion for summary judgment (DE 88) is granted on Plaintiff's 42 U.S.C. § 1982, equal protection under 42 U.S.C. § 1983, and the FHA, 42 U.S.C. §§ 3604 & 3617 claims. Plaintiff's due process claim under the Fourteenth Amendment shall remain.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
March 7, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.