UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ESHAWN JESSICA SCIPIO, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>)<br>)<br>HOUSING AUTHORITY OF )<br>HARTSVILLE a/k/a Hartsville Housing )<br>Authority, EXECUTIVE DIRECTOR )<br>KIM FUNDERBURK, in her individual )<br>and official capacities, PUBLIC )<br>HOUSING DIRECTOR TOMIKA )<br>BERRY, in her individual and official )<br>capacities, SECTION 8 CLERK TIFFANY )<br>BISHOP, in her individual and official )<br>capacities, )<br>)<br>Defendants. ) | Civil Action No. 4:23-cv-1223-JD-TER<br><br><br><br>**ORDER** |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, brings various claims involving the housing authority where she resided and received government assistance. The only remaining cause of action is a due process claim under 42 U.S.C. § 1983. Presently before the court are Plaintiff's Motion for Reconsideration (ECF No. 101) and Plaintiff's Motion for Sanctions (ECF No. 105). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(e), DSC.

1

## II.     DISCUSSION

### A.     Motion for Reconsideration

In this motion, Plaintiff asks the undersigned to reconsider his previous Order denying her Motion to Compel. See Order (ECF No. 95).[1] In the Order, the undersigned denied Plaintiff's request to compel Defendants to produce "Q1, Q2, Q3, Q4 reports of 2022 from the Social Security Administration, the Directory of New Hires, and HUD," based on Defendants' representation that they do not have possession, custody, or control of such reports. The undersigned directed Defendants "to provide a declaration from an individual with personal knowledge that Defendants do not have possession, custody, or control" of the requested documents." Order p. 4.

The Order also denied Plaintiff's request that Defendants produce copies of "Federal and/or HUD Law, Statute, and Regulation that provides a legal pretense for the Defendants' direct denial of the Plaintiff right to inspect, access, copy, and obtain the Plaintiff tenant file and to have a proper grievance hearing," because Defendants did not have possession, custody, or control of these laws and were not required to make photocopies of laws that Plaintiff could access on the internet just as easily as Plaintiff.[2] Order p. 4.

Finally, the Order denied Plaintiff's request for an explanation as to how Defendants obtained copies of her pay stubs. The undersigned noted that Plaintiff's request was not a proper inquiry in a motion to compel and that Defendants had already provided an answer to her question.

Plaintiff seeks reconsideration of the above rulings pursuant to Federal Rule of Civil

---

1 This Order addresses several motions filed by Plaintiff, but she seeks reconsideration only of the portion of the Order denying her Motion to Compel.
2 The undersigned notes that while parties can serve "contention interrogatories" that "ask[ ] for an opinion or contention that relates to fact or the application of law to fact," Fed. R. Civ. P. 33(a)(2), the discovery request at issue in the motion to compel was a request for production of documents.

2

Procedure 60[3] based on new information, misconduct by the opposing party, and extrinsic fraud. Pl. Motion for Recon. p. 1 (ECF No. 101). However, reconsideration of interlocutory orders, such as orders on motions to compel discovery, is governed by Rule 54(b). See U.S. Tobacco Cooperative Inc. v. Big South Wholesale of Virginia, LLC, 899 F.3d 236, 256 (4th Cir. 2018); Fed.R.Civ.P. 54(b) ("Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Though the district court retains discretion to revise an order under Rule 54(b), see Chavez-Deremer v. Med. Staffing of Am., LLC, No. 23-2176, 2025 WL 1969525, at *27 (4th Cir. July 17, 2025), that discretion "is not limitless." Id. (citing Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017)). The Fourth Circuit has "narrowed its application to include '(1) a subsequent trial produc[ing] substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" Id. (quoting Carlson, 856 F.3d at 325).

Though Plaintiff argues that her motion is based in part on new information, she fails to show that any of the evidence presented in her motion could not have been presented in her original motion to compel. "A Rule 54(b) motion to reconsider an interlocutory ruling is . . . not a 'vessel' for the losing party to submit evidence that it could have presented earlier." Id. Plaintiff also argues that her motion is based on "misconduct by the opposing party, and extrinsic fraud on the issues previously decided." Pl. Motion for Recon. p. 1.   Presumably, Plaintiff is arguing that the Court's failure to consider this misconduct and fraud was "clear error causing manifest injustice." Plaintiff

---

[3] Plaintiff specifically cites to "USCS Fed Rules Civ Proc R 60(b)(2)(3)(c)(1)." However, no such subsection of Rule 60 exists.

3

fails to identify any alleged misconduct or fraud by Defendants other than rehashing arguments she raised in her original motion to compel. A motion to reconsider an interlocutory order is not an appropriate vehicle to rehash arguments already considered by the court because the movant is displeased with the outcome. Ashmore v. Williams, No. 8:15-CV-03633-JMC, 2017 WL 24255, at *3 (D.S.C. Jan. 3, 2017). Further, Plaintiff fails to indicate how she would suffer manifest injustice if the court does not change its original ruling. "In the context of a motion for reconsideration, manifest injustice is defined as 'an error by the court that is direct, obvious, and observable.'" Hartzman v. Wells Fargo & Co., No. 1:14-cv-808, 2016 WL 6810943, at *1 (M.D.N.C. June 28, 2016) (quoting Register v. Cameron & Barkley Co., 481 F. Supp. 2d 479, 480 n.1 (D.S.C. 2007) "[A] prior decision does not qualify for th[e] third exception by being just maybe or probably wrong; it must strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish. It must be dead wrong." U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC, 899 F.3d 236, 258 (4th Cir. 2018) (quoting TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009)).

Because Plaintiff fails to meet the requirements necessary for this court to reconsider a previous ruling under Rule 54(b), her motion is denied.

B.    **Motion for Sanctions**

Plaintiff also seeks for the court to impose sanctions on Defendants and their attorney under Rule 37[4] and 18 U.S.C. § 1623. However, 18 U.S.C. § 1623 is a criminal statute regarding false declarations before a grand jury or court that provides no private right of action. See Doe v. Broderick, 225 F.3d 440, 447-48 (4th Cir. 2000) ("The Supreme Court historically has been loath

---

4 Specifically, Plaintiff cites to "USCS Fed Rules Civ Proc R 37(c)(1)(C)(2)(d)(1)(2)(3)(e)(1)(2)(A)(B)(C)." However, there is no such subsection in Rule 37.

4

to infer a private right of action from a 'bare criminal statute' because criminal statutes are usually couched in terms that afford protection to the general public instead of a discrete, well-defined group."). Accordingly, district courts within the Fourth Circuit have consistently held that § 1623 does not give rise to a private right of action. See Reaves v. Dickens, No. 4:22-CV-0639-TLW-TER, 2022 WL 1120366, at *1 (D.S.C. Apr. 14, 2022) (recognizing that neither § 1621 or § 1623 give rise to a private right of action); Holman v. Stefano, 2010 WL 3814589, at *6 (D.S.C. Mar. 1, 2010), report and recommendation adopted sub nom. Holman v. Wooten, 2010 WL 3895684 (D.S.C. Sept. 30, 2010) (dismissing pro se plaintiff's claims under § 1623 and other criminal statutes because she had failed to show that a private cause of action exists under this statute); Brown v. United States, 2019 WL 3753193, at *6 (E.D.N.C. May 10, 2019), report and recommendation adopted, 2019 WL 3783271 (E.D.N.C. Aug. 12, 2019) (recognizing that the criminal statute for perjury does not give rise to a private cause of action); Atiemo v. Proctor, 2016 WL 7012300, at *1 (D. Md. Dec. 1, 2016) (holding that a complaint alleging violations under Sections 1621 and 1623 cannot be sustained as a matter of law). Thus, relief under that statute is not available to Plaintiff.

Rule 37 provides for sanctions for a party's failure to provide discovery. Though Plaintiff's citation to the subsections of Rule 37 is incorrect, see footnote 3, she references subsections (c), (d), and (e), and thus the court will address each of those subsections. Rule 37(c) applies only to failures to disclose or supplement the initial disclosures required under Fed.R.Civ.P. 26(a) or (e), or to a failure to admit under Fed.R.Civ.P. 36. Neither of those rules are at issue here. Thus, subsection (c) is inapplicable.

Rule 37(d)(1)(A)(ii) provides that the court may, on motion, order sanctions if "a party,

after being properly served with interrogatories under Rule 33 or a request for production under Rule 34, fails to serve its answers, objections, or written response." However, Defendants did file a written response to Plaintiff's request for production, which Plaintiff attached to her motion to compel. Further, as discussed above, the court has already denied Plaintiff's motion to compel with respect to the same discovery requests giving rise to the present motion for sanctions and herein denies Plaintiff's motion for reconsideration of that ruling. As directed by the Court, Defendant Kim Funderburk, Hartsville Housing Authority Executive Director, submitted a declaration stating that she has "examined all of the documents the Hartsville Housing Authority has in its possession" and the "Hartsville Housing Authority has provided all discoverable documents it has in its possession that are responsive to the Plaintiff's requests." Funderburk Decl. ¶¶ 2-3 (ECF No. 103-1). Sanctions are not appropriate under subsection (d).

Rule 37(e) applies to a failure to preserve electronically stored information. Plaintiff asserts that Defendants failed to keep a copy of "the EIV Income Report ran by Defendants between February 7, 2023--February 13, 2023, [which] would have presented all 2022 reporting quarters as the Plaintiff requested" in discovery. Pl. Mot. for Sanc. p. 2 (ECF No. 105-1). Plaintiff argues Defendants were required to maintain this document in her tenant file, citing to 24 C.F.R. § 982.516(a)(2)[5] and to an "EIV Report Checklist" which provides that certain reports should be

---

5  This regulation provides,

> (2) Except as provided in paragraph (a)(3) of this section, the PHA must obtain and document in the tenant file third-party verification of the following factors, or must document in the tenant file why third-party verification was not available:
> (i) Reported family annual income;
> (ii) The value of assets;
> (iii) Expenses related to deductions from annual income; and
> (iv) Other factors that affect the determination of adjusted income.

24 C.F.R. § 982.516(a)(2)(i)-(iv).

kept in the tenant file for the "term of tenancy plus 3 years." See EIV Report Checklist (ECF No. 105-2 p. 15).

Defendants maintain that the Hartsville Housing Authority (HHA), during the time at issue, received an EIV report that contained the names of all tenants in their program who had unreported income discrepancies, which included Plaintiff's name. An individual report regarding Plaintiff was downloaded as an excel spreadsheet and that spreadsheet showed unreported income from the Small Business Association (SBA). See Resp. to Mot. to Compel p. 3-4 (ECF No. 69); Spreadsheet (ECF No. 88-5). Plaintiff does not dispute that the spreadsheet was put in Plaintiff's tenant file and provided to her during discovery. Rather, she argues that the spreadsheet is fraudulent.

The EIV System User Manual states that reports from the system can either be downloaded in a printer-friendly version or in Excel as a spreadsheet. See EIV System User Manual pp. 59, 65, 72, 73, 77, 88, 90, 101 (ECF No. 69-1). Thus, it appears from the record that the information sought by Plaintiff was downloaded by Defendants into an Excel spreadsheet instead of the printer-friendly version. Nevertheless, even if Defendants did fail to maintain a copy of the EIV Income Report in her tenant file, sanctions under Rule 37(e) are available only if the electronically stored information "cannot be restored or replaced through additional discovery." Fed.R.Civ.P. 37(e). Here, the same information Plaintiff seeks from the EIV Income Report was provided to her in the spreadsheet in Plaintiff's tenant file. Thus, Plaintiff fails to show that sanctions are appropriate.

### III.   CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Reconsideration (ECF No. 101) is **DENIED** and Plaintiff's Motion for Sanctions (ECF No. 105) is **DENIED**.

**IT IS SO ORDERED**.

s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge

August 20, 2025
Florence, South Carolina